O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  | Case No. EDCV14-00010-VEB |
|---|---|
| JACQUELIN JANE GARNER, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In March of 2010, Plaintiff Jacquelin Jane Garner applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Harry J. Binder and Charles E. Binder, P.C., Shanny J. Lee, Esq. and Manuel D. Serpa, Esq. of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7, 8, 17, 18). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for SSI benefits and DIB on March 12, 2010, alleging disability beginning January 1, 2010, due to physical impairments. (T at 230-35, 236-42).[1]  The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 30, 2012, a hearing was held before ALJ Joseph D. Schloss. (T at 64).  Plaintiff was medically excused from attendance, but appeared via her non-attorney advocate. (T at 64, 66).  The ALJ received testimony from Dr. Steven Gerber, a medical expert (T at 67-71) and Corinne Porter, a vocational expert (T at 72-75).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 13.

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

A second administrative hearing was held on June 27, 2012, before the same ALJ.  Plaintiff appeared with her non-attorney representative and testified. (T at 43-53, 57).  The ALJ also received testimony from Minh Vu, a medical expert (T at 42-43, 54-56), and Elizabeth Brown-Ramos, a vocational expert. (T at 58-62).

On July 11, 2012, the ALJ issued a written decision denying the applications for benefits.  (T at 20-38).  The ALJ's decision became the Commissioner's final decision on November 6, 2013, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On January 2, 2014, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on July 7, 2014. (Docket No. 12).  The parties filed a Joint Stipulation on September 11, 2014. (Docket No. 14).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s)

with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

1   the Court considers the record as a whole, not just the evidence supporting the

2   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

3   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

4         It is the role of the Commissioner, not this Court, to resolve conflicts in

5   evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

6   interpretation, the Court may not substitute its judgment for that of the

7   Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

8   Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

9   set aside if the proper legal standards were not applied in weighing the evidence and

10   making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

11   432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

12   administrative findings, or if there is conflicting evidence that will support a finding

13   of either disability or non-disability, the finding of the Commissioner is conclusive.

14   *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

15   **C.   Commissioner's Decision**

16         The ALJ determined that Plaintiff had not engaged in substantial gainful

17   activity since January 1, 2010 (the alleged onset date) and met the insured status

18   requirements of the Social Security Act through June 30, 2011 (the date last insured.

19

20

7

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

1    (T at 26).  The ALJ found that Plaintiff's Crohn's disease was a "severe" impairment

2    under the Act. (Tr. 26).

3        However, the ALJ concluded that Plaintiff did not have an impairment or

4    combination of impairments that met or medically equaled one of the impairments

5    set forth in the Listings. (T at 27).

6        The ALJ determined that Plaintiff retained the residual functional capacity

7    ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the

8    following limitations: lifting/carrying 20 pounds occasionally and 10 pounds

9    frequently; standing/walking for 6 hours in an 8-hour workday with regular breaks;

10   sitting for 6 hours in an 8-hour workday with regular breaks; no limitations as to

11   pushing or pulling; only occasional climbing, crawling, kneeling, balancing,

12   stooping, and crouching; and no climbing ladders, ropes, or scaffolds. (T at 27).

13       The ALJ found that Plaintiff could perform her past relevant work as a job

14   coach, fast food worker, retail sales clerk, and photographer. (T at 33).

15       Accordingly, the ALJ determined that Plaintiff was not disabled within the

16   meaning of the Social Security Act between January 1, 2010 (the alleged onset date)

17   and July 11, 2012 (the date of the decision) and was therefore not entitled to

18   benefits. (T at 34). As noted above, the ALJ's decision became the Commissioner's

19

20

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

1  final decision when the Appeals Council denied Plaintiff's request for review. (T at

2  1-6).

3  **D.      Disputed Issues**

4         As set forth in the Joint Stipulation submitted by the parties, Plaintiff offers

5  two (2) main arguments in support of her claim that the Commissioner's decision

6  should be reversed.  First, Plaintiff argues that the ALJ did not properly assess the

7  medical opinion evidence.  Second, she challenges the ALJ's credibility

8  determination.  This Court will address both arguments in turn.

9

10                            **IV. ANALYSIS**

11 **A.      Medical Opinion Evidence**

12        In disability proceedings, a treating physician's opinion carries more weight

13 than an examining physician's opinion, and an examining physician's opinion is

14 given more weight than that of a non-examining physician. *Benecke v. Barnhart*,

15 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

16 1995). If the treating or examining physician's opinions are not contradicted, they

17 can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If

18 contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

19 that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d

20

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

In this case, Dr. Michael Walter, Plaintiff's treating gastroenterologist, provided a "disability statement" in April of 2010, wherein he noted that Plaintiff had severe Crohn's disease of her small bowel area. At that time, he anticipated that Plaintiff's condition would prevent her from working for a year. (T at 336). In November of 2010, Dr. Walter completed a Gastrointestinal Disorders Impairment Questionnaire. He noted Plaintiff's diagnosis of Crohn's Disease and assessed her prognosis as "good with proper treatment." (T at 357). He reported symptoms of chronic diarrhea and abdominal pain and cramps, resulting in pain and fatigue. (T at 358). Dr. Walter opined that Plaintiff was not a malingerer and that her experience

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

of pain, fatigue, or other symptoms was severe enough to frequently interfere with attention and concentration. (T at 360). He concluded that Plaintiff was incapable of tolerating even "low stress" work, could sit for only 2 hours in an 8-hour day, and was limited to standing/walking for 1 hour in an 8-hour day. (T at 360). Dr. Walter estimated that Plaintiff would be absent from work due to her impairments or treatment more than three times a month. (T at 361). He noted that Plaintiff would have unscheduled restroom breaks lasting 15 minutes at time. (T at 362). In a letter dated January 4, 2012, Dr. Walter reiterated his November 2010 findings. (T at 527).

The ALJ did not accept Dr. Walter's opinions. (T at 31). For the following reasons, this Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.

The ALJ's conclusion was supported by the testimony of Dr. Minh Vu, a medical expert who reviewed the record, observed Plaintiff's testimony, and testified at the second administrative hearing. Dr. Vu recognized the diagnosis of Crohn's disease. (T at 54). With regard to the question of whether Plaintiff had uncontrolled bowel movements at least 4 to 6 times per day, as she alleged, Dr. Vu doubted this assertion. In particular, Dr. Vu noted that Plaintiff had consistently maintained weight in the obese range and opined that a person with diarrhea as severe as Plaintiff alleged would not maintain that weight. (T at 55). Dr. Vu also noted that

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

Plaintiff does not have anemia. (T at 55-56).  Dr. Vu opined that Plaintiff would be limited to light work, with normal restroom breaks. (T at 56).   Plaintiff's representative was given the opportunity to cross-examine Dr. Vu. (T at 56).  The ALJ afforded significant weight to Dr. Vu's assessment. (T at 32). *See Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995)("[A]n ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination." (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)).

Dr. R. Jacobs, a non-examining State Agency review consultant, likewise noted that Plaintiff's obesity conflicted with her claims regarding the frequency of her bowel movements. (T at 431).

The record supports the conclusion by Dr. Vu and Dr. Jacobs that Plaintiff's weight remained stable (and obese) over time. (T at 417, 422, 424, 426, 544).  Dr. Vu's reference to the lack of anemia is likewise supported by the record, which showed consistently unremarkable hematology reports. (T at 320, 398, 411, 478, 512, 536).

Plaintiff contends that obesity does not necessarily contradict a Crohn's patient's claim of frequent bowel movements.  Plaintiff cites a study, published by the European Crohn's and Colitis Organization, to that effect.  However, it is the

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, two medical experts reviewed the record and concluded that objective evidence regarding Plaintiff's physical condition (obesity and lack of anemia) contradicted her subjective claims regarding the frequency and duration of her bowel movements.  In contrast, Dr. Walter did not provide detailed clinical findings or explanations in support of his assessments, which were provided primarily in "checkbox" form or brief narrative report. (T at 360-62, 527).  Plaintiff effectively concedes that the basis for Dr. Walter's assessment regarding the frequency and duration of Plaintiff's bowel movements was her subjective complaints.

Under these circumstances, this Court finds that the ALJ acted within his discretion in affording greater weight to the findings of Dr. Vu and Dr. Jacobs and his decision to do so was supported by substantial evidence.  *See Lingenfelter v.*

1    *Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007)(holding that ALJ is not obliged to

2    accept a treating source opinion that is "brief, conclusory and inadequately

3    supported by clinical findings")(citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th

4    Cir. 2002)); *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009)("As

5    the ALJ determined that [claimant's] description of her limitations was not entirely

6    credible, it is reasonable to discount a physician's prescription that was based on

7    those less than credible statements.").

8        Moreover, the ALJ's decision to discount Dr. Walter's highly restrictive

9    assessments was supported by three other medical expert opinions.

10        Dr. Kristof Siciarz performed a consultative examination in August of 2010.

11   He diagnosed Crohn's disease and noted a history of tachycardia and concluded that

12   Plaintiff's functional capacity was limited due to her frequent flare-ups of Crohn's.

13   (T at 344).  However, Dr. Siciarz opined that Plaintiff could lift/carry 20 pounds

14   occasionally and 10 pounds frequently, stand/walk for six hours in an 8-hour day,

15   and sit without restrictions. (T at 344).

16        Dr. Steven Gerber, a medical expert, testified at the first administrative

17   hearing.  He explained that Plaintiff's medical records documented a history of

18   Crohn's disease, supraventricular tachycardia, and prescription opiate dependence.

19   He opined that the record did not support an impairment meeting any of the Listings

20

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

impairments and concluded that Plaintiff retained the functional capacity to perform

light work. (T at 71).  Plaintiff's representative was given the opportunity to cross-

examine Dr. Gerber. (T at 71).

Dr. Susan Lee, a non-examining State Agency review consultant, completed

an assessment in August of 2010.  Dr. Lee opined that Plaintiff could occasionally

lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for about 6 hours in

an 8-hour work day, and sit for about 6 hours in an 8-hour workday. (T at 348).  Dr.

Lee concluded that Plaintiff should never climb ladders, ropes or scaffolds and was

limited to occasional climbing of ramps/stairs, stooping, kneeling, crouch, or

crawling. (T at 349).  Dr. Lee noted and considered the fact that Plaintiff is fatigued

by her Crohn's flare-ups, but nevertheless found that she was capable of light work.

(T at 353-54).

In light of the foregoing, this Court finds that the ALJ's decision to discount

Dr. Walter's assessments was supported by substantial evidence and consistent with

applicable law.

**B.   Credibility**

A claimant's subjective complaints concerning his or her limitations are an

important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d

1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:  She is not able to work due to difficulty with prolonged periods of sitting or walking. (T at 43-45).  Such activity causes muscle and joint pain. (T at 44).  She is "constantly running to the bathroom." (T at 44).  Although medication occasionally helps, it makes her drowsy and affects her concentration. (T at 44).  Walking is limited to 45 minutes at a time; standing is limited to 15-20 minutes without a break. (T at 46).  She claimed severe back pain

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

arising from fibromyalgia, but acknowledged that she had never been diagnosed with that condition. (T at 47).

She has bowel movements 6 to 7 times per day, although sometimes it is only 4 to 5. (T at 50). Each episode lasts, on average, 15 minutes. (T at 50). She had two children, aged 7 and 12 as of the second administrative hearing, and was pregnant with her third. (T at 50-51). She experiences pain in her legs, muscles, joints, and hands. (T at 52). Plaintiff helps her 7 year old get ready for school and cares for her older child on weekend. (T at 51).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 28).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence. Plaintiff's claims regarding the frequent and duration of her bowel movements were not supported by any objective or diagnostic evidence. Moreover, two medical experts (Dr. Vu and Dr. Jacobs) cited an objective fact (Plaintiff's consistent obesity) as evidence contradicting her claims. (T at 55, 431). Dr. Vu also noted the lack of anemia as a reason for discounting Plaintiff's subjective complaints. (T at 55-56).

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

Plaintiff argues that it was effectively impossible for her to produce "objective" evidence regarding the frequency and duration of her bowel movements, absent eyewitness testimony regarding her bathroom habits.  Thus, Plaintiff contends it was unreasonable for the ALJ to demand objective evidence as to this issue.

However, two medical experts cited objective facts (obesity and anemia) and concluded that the presence of obesity and absence of anemia caused them to question the credibility of Plaintiff's claims.   The ALJ's interpretation of this evidence and decision to accept the opinions of the medical experts was rational and reasonable and, thus, cannot be second-guessed by this Court under the deferential standard of review applicable here. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

The ALJ also noted that Plaintiff complained of pain she believed was caused by fibromyalgia, but had received no treatment for that alleged condition, even though she had been treated consistently for her other impairments. (T at 28-29). Although the lack of treatment cannot form the sole basis for rejecting claims of disabling symptoms, an ALJ may consider a claimant's unexplained or inadequately

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

1    explained failure to seek treatment. Tommasetti  v. Astrue, 533 F.3d 1035, 1039 (9th

2    Cir. 2008)(citation omitted).

3        The ALJ also reasonably relied on the assessments of Dr. Siciarz (T at 340-

4    45), Dr. Lee (T at 347-51, 353-54), Dr. Jacobs (T at 431), Dr. Gerber (T at 71), and

5    Dr. Vu (T at 56), all of whom reviewed the record and concluded that Plaintiff was

6    capable of performing light work. Although the lack of supporting medical evidence

7    cannot form the sole basis for discounting a claimant's subjective testimony, the

8    ALJ may properly discount subjective complaints where, as here, they are

9    contradicted by substantial evidence in the record. *Carmickle v. Comm'r of Soc. Sec.*

10   *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947,

11   958-59 (9th Cir. 2002).

12       In sum, where, as here, substantial evidence supports the ALJ's credibility

13   determination, this Court may not overrule the Commissioner's interpretation even if

14   "the evidence is susceptible to more than one rational interpretation." *Magallanes*,

15   881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner,* 169 F.3d 595,

16   599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the

17   testimony are functions solely of the [Commissioner].").

18

19

20

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds that substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 6th Day of March, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – GARNER v COLVIN 14CV-00010-VEB